# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ANDRE S. TATIBOUET,<br><br>Debtor. | Case No. 05-00829<br>Chapter 7<br><br><br>Re: Docket No. 852 |

## MEMORANDUM OF DECISION ON MOTION
## FOR RELIEF FROM AUTOMATIC STAY

Fremont Investment and Loan ("Fremont") seeks relief from the automatic stay to prosecute its unsecured claim to judgment in an Arizona state court. Fremont agrees not to initiate collection proceedings on the judgment without further order of this court or unless the court dismisses this bankruptcy case. Because there is no compelling reason to permit an unsecured creditor to obtain a judgment that might interfere with the debtor's discharge, I will deny the motion.

This bankruptcy case began as a chapter 11 reorganization case. The debtor secured post-petition debtor in possession ("DIP") financing and proposed a plan of reorganization that contemplated a full payment of all claims. The debtor failed to comply with the stringent terms of the DIP financing and, as a result, lost most of his assets. In January 2007, the debtor withdrew his plan and, on June 25, 2007, the debtor converted the case to chapter 7. The deadline to file complaints

objecting to the debtor's discharge or seeking a determination of the dischargeability of particular debts is October 1, 2007.

Fremont's claim is based on the debtor's guaranty of another entity's debt. Fremont has liquidated the collateral for the debt and claims that there is a deficiency. Prior to the chapter 11 filing, Fremont sued the debtor on the guaranty in Arizona state court. Since the debtor filed his bankruptcy petition and invoked the automatic stay, the Arizona court has maintained the case on its inactive calendar. Fremont has requested that the Arizona court leave the case in an inactive posture, but fears that, "If the request is denied, Fremont will be required to take the case to trial or risk its dismissal. Since the applicable statute of limitations has lapsed, if the Guaranty litigation were dismissed, Fremont would be left without any remedy against" the debtor. Therefore, Fremont seeks relief from the stay to prosecute the state court case to judgment.

Fremont's premise – that the dismissal of its state court case would leave Fremont without a remedy – is incorrect. Fremont can file a proof of claim in this court and share in whatever assets remain in the estate. If Fremont thinks that its claim is not dischargeable or that the debtor is not entitled to a discharge at all, Fremont can file a complaint in this court. That complaint could include a request for the judgment which Fremont is seeking in the state court. These avenues give

U.S. Bankruptcy Court - Hawaii   #05-00829   Dkt # 873   Filed 07/03/07   Page 2 of 3

Fremont a complete remedy.

Fremont's request for relief from the stay could diminish the debtor's fresh start. Assuming that the debtor is entitled to a discharge and that Fremont's claim is dischargeable (both of which may or may not be the case), the entry of a judgment in favor of Fremont would adversely affect the debtor's future financial dealings.

Therefore, a separate order will enter denying the motion.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **07/03/2007**